# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MCKAY EQUIPMENT LLC | CIVIL ACTION NO. 08-CV-2019 |
| VS. | JUDGE HAIK |
| A&L VALVE & FITTING L.P. | MAGISTRATE JUDGE METHVIN |

### *REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS*
*(Rec. Doc. 9)*

Before the Court is defendant's motion to dismiss for lack of personal jurisdiction and improper venue, pursuant to Rule 12(b)(2) and/or Rule 12(b)(3). (Rec. Doc. 9). Plaintiff filed an opposition and defendant replied. (Rec. Docs. 16, 22).[1] For the reasons set forth below, IT IS RECOMMENDED that defendant's motion to dismiss and/or for transfer of venue be DENIED.

### *Background*

McKay Equipment, L.L.C. is a Louisiana company which distributes oilfield valves, among other things. McKay filed suit in the 15th Judicial District Court for the Parish of Lafayette to recover damages for alleged contractual breaches in connection with its June 2008 purchase of certain valves from A&L Valve, a Texas limited partnership whose principal place of business is Houston. McKay claims that the valves A&L sold were defective and delivered untimely, that A&L has refused to return its partial payment, and that it was not able to resell the valves, resulting in lost profits. A&L removed the case to this court on the basis of diversity of citizenship.

In support of its motion to dismiss, A&L submits the affidavit of Anthony L. Luprete, Jr., Vice President of A&L Valve and Fitting, GP, Inc., a Texas corporation and general partner of defendant. Luprete states that A&L is a Texas limited partnership and its principal place of business

---

[1] Also before the court is a related motion for discovery filed by plaintiff, to address the issue of personal jurisdiction (Rec. Doc. 17). The motion is unopposed. Plaintiff's motion for jurisdictional discovery will be denied as moot.

is in Houston, Texas; it is not a resident of the State of Louisiana ; it is not licensed to do, and does not transact any business in Louisiana; it has never had an agent for service of process within Louisiana; and it has never employed any agent, maintained any office, kept any business records, held any bank account, or owned any real or personal property in Louisiana.[2]

A&L contends that the transactions giving rise to this lawsuit were unilaterally initiated by plaintiff and were confected via telephone and/or e-mail. A&L shows that the valve purchase orders at issue were to be shipped via common carrier F.O.B. so that possession transferred to plaintiff at A&L Valve's warehouse in Houston, Texas.[3]

In support of its opposition to the motion to dismiss, McKay submits the affidavits of Michael S. Broussard, a McKay outside salesman, and Robert M. McKay, managing member of McKay, which together state the following: Broussard handled the sales transaction at issue for McKay; Broussard learned from representatives of several Lafayette Parish companies that they were purchasing valves and equipment from A&L; McKay purchased valves from A&L from 2001 through 2008, for an aggregate amount of $247,869.02; over these years, A&L Valve sent McKay marketing items such as baseball caps, notepads, and desk calendars with A&L Valve's logo, along with gift boxes of liquor during the holidays; A&L Valve maintains a website,

---

[2] Rec. Doc. 9-3.

[3] Rec. Doc. 1-2, 10, 11. *See e.g.* Crummey v. Morgan, 965 So.2d 497, 503, 2007-0087, 10 (La. App. 1 Cir. 2007) (noting "free on board is defined by Black's Law dictionary as '[a] mercantile-contract term allocating the rights and duties of the buyer and the seller of goods with respect to delivery, payment, and risk of loss, whereby the seller must clear the goods for export, and the buyer must arrange for transportation); Black's Law Dictionary, 690 (8th ed. 2004) (noting that "[i]n an F.O.B. ('free on board') contract . . . the goods must be delivered on board by the seller, free of expense to the purchaser, and they are not at the latter's risk until actually delivered on board, when the property in them passes to him).

http://www.aandlvalve.com, on which it advertises that it is a master distributor for several manufacturers and exhorts potential customers to, "Give us a call and hook up with A&L!"[4]

*Legal Analysis*

*Motion to Dismiss for Lack Personal Jurisdiction*

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where the court does not have personal jurisdiction over the defendant. *See* Fed.R.Civ.P. 12(b)(2)). Once jurisdiction is properly challenged, plaintiff bears the burden of establishing that venue is proper. Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir.1982); Smith v. Fortenberry, 903 F.Supp. 1018 (E.D.La.1995). The plaintiff, however, need not establish jurisdiction by a preponderance of the evidence, but rather by simply making a prima facie showing. Luv n' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.2006). The court must resolve all undisputed, as well as contested, facts in favor of jurisdiction. Id. In resolving a jurisdictional issue, the court may consider pleadings, affidavits, and discovery responses. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir.1992).

A federal district court may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. Mink v. AAAA Development, L.L.C., 190 F.3d 333, 335 (5th Cir.1999); Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir.1993).

Louisiana's long-arm statute permits jurisdiction coterminous with the scope of the Due Process Clause, and therefore, the court need only address whether jurisdiction is consistent with the

---

[4] Rec. Doc. 16-2, 3. .

Due Process Clause. La. R.S. 13:3201(B); Growden v. Ed Bowlin & Assocs., 733 F.2d 1149, 1150 (5th Cir.1984).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when: (1) defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

*Minimum contacts*

There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and contacts that give rise to general personal jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.' Specific jurisdiction arises when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) *citing* Mink v. AAAA Development, L.L.C., 190 F.3d at 336.

The Fifth Circuit has "consolidated the personal jurisdiction inquiry into a convenient three-step analysis: '(1) whether the defendant ... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).

Here, the undersigned finds that specific jurisdiction is implicated. The specific jurisdiction inquiry instructs that the court focus on the nexus between A&L Valve, defendant's conduct in Louisiana, and McKay's claim.

***Does plaintiff's cause of action arise out of or result from the defendant's forum-related contacts?***

Here, there is no serious dispute that plaintiff's claim arose out of defendant's forum-related contact – the disputed invoices arose from A&L Valve's contract to sell valves to McKay.

***Does A&L Valve have minimum contacts with Louisiana?***

A&L Valve argues that it lacks minimum contacts with Louisiana sufficient to subject it to either specific or general personal jurisdiction. These arguments are unpersuasive. Minimum contacts are established if:

> [T]he defendant's conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474, 105 S.Ct. 2174 (quoting World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). There must be some act whereby the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. at 475, 105 S.Ct. 2174. A nonresident "may permissibly structure his primary conduct so as to avoid being haled into court in a particular state." World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. 580. Even where a defendant has no physical presence in the forum state, a single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from the contact. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Lewis v. Fresne, 252 F.3d 352, 359 (5th Cir. 2001), *citing* Brown v. Flowers Indus., 688 F.2d 328, 332-33 (5th Cir.1982) (holding that a single telephone call initiated by the defendant was sufficient to confer personal jurisdiction).

Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 379-380 (5th Cir. 2002).

The stream-of-commerce theory permits the exercise of personal jurisdiction over a nonresident defendant that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S.Ct. 559 (1980). "Where a nonresident's contact with the forum state 'stems from a product, sold or manufactured by the foreign defendant, which has caused harm in the forum state, the court has [specific] jurisdiction if it finds that the defendant delivered the

product into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state.'" Nuovo Pignone, 310 F.3d at 380-381, *citing* Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir.1987) and World-Wide Volkswagen, 444 U.S. at 298.

The Fifth Circuit addressed the stream-of-commerce theory in Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415 (5th Cir.1993). There, a Minnesota manufacturer of component parts of an engine was sued in Texas. The district court dismissed the claim against the Minnesota company, relying upon the stream-of-commerce-plus theory advocated by the plurality in Asahi Metal Industries Co. v. Superior Court, 480 U.S. 102 (1987), which required a showing that the company engaged in acts purposefully directed toward the forum state. Id. at 420. The Fifth Circuit reversed the district court, concluding that the reliance upon the stream-of-commerce-plus theory was erroneous, because Asahi did not "provide clear guidance on the 'minimum contacts' prong." Id. The court applied the original stream-of-commerce theory as set forth in World-Wide Volkswagen, and found that the Minnesota manufacturer's contacts with Texas were sufficient to justify the exercise of personal jurisdiction:

> Corchran intentionally placed its products into the stream of commerce by delivering them to a shipper destined for delivery in Texas. At the time the goods left Corchran's plant in Minnesota, Corchran not only could have foreseen that the products might end up in Texas, it knew as a fact that the products were going to be delivered to a specific user in Houston, Texas. Given Corchran's 211 contacts with Texas through its business relationship with Donaldson over the years, as well as the visits of its own employees to Texas to serve Donaldson's customers, Corchran reasonably should have anticipated that it could be haled into court in Texas.

Id. at 420-21.

A&L Valve argues that this case is distinguishable from Ruston Gas because it does not have employees situated in Louisiana and the transaction at issue was initiated by McKay. It adds

that the sale was consummated in Texas because the valves were shipped F.O.B. Houston.[5] This argument is without merit. This point was again addressed by the Fifth Circuit, when the court summarized the rationale for the stream-of-commerce theory and the Circuit's relaxed test for establishing personal jurisdiction under that theory:

> The district court erred in holding that placing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, does not rise to the level of "purposeful availment." This court has consistently held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." We adopted this position in an effort faithfully to interpret World Wide Volkswagen, 444 U.S. at 298, 100 S.Ct. 559, which holds that a state does not offend due process by exercising jurisdiction over an entity that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."
>
> Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state. We have, therefore, declined to follow the suggestion of the plurality in Asahi, 480 U.S. at 112, 107 S.Ct. 1026, that some additional action on the part of the defendant, beyond foreseeability, is necessary to "convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." Applying this circuit's more relaxed "mere foreseeability" test to the facts of this case, we conclude that Insta-Mix's contacts with Louisiana are sufficient to withstand constitutional scrutiny.

Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th Cir. 2006) (citations omitted)(defendant had documents within its possession indicating that items would be shipped to Louisiana).

---

[5] Black's Law Dictionary (8th ed. 2004) defines "free on board" as:

> A mercantile-contract term allocating the rights and duties of the buyer and the seller of goods with respect to delivery, payment, and risk of loss, whereby the seller must clear the goods for export, and the buyer must arrange for transportation. • The seller's delivery is complete (and the risk of loss passes to the buyer) when the goods pass the transporter's rail. The buyer is responsible for all costs of carriage.

The effect of an F.O.B. designation is to transfer ownership at the seller's loading dock "as though the customer personally came to . . . purchase the product." Quality Design and Const., Inc. v. Tuff Coat Mfg., Inc., 939 So.2d 429, 433, 2005-1712, 6 (La. App. 1 Cir. 2006)

Here, shipment was made F.O.B. Houston. In Luv N' Care, Id. at 471 fn10, the Fifth Circuit noted that it has ". . . suggested . . . that the existence of a Free On Board ("F.O.B.") term in a contract is one factor to consider in determining whether the defendant has "minimum contacts" with the forum state."

Here, the valves were shipped F.O.B. Houston under facts which establish it was not only *forseeable* that the product would end up in Louisiana, but defendant definitively *knew* that they would.

Defendant argues that the parties' past dealings should not be considered when determining specific personal jurisdiction, but only when determining general personal jurisdiction because there is no allegation that the past transactions gave rise to plaintiff's cause of action. The argument fails to note that the Fifth Circuit clearly considered past dealings between the parties in Ruston when analyzing and finding the existence of specific personal jurisdiction when based its ruling in part on the fact that the defendant had contacted the plaintiff numerous times over the years through their business relationship. Here, plaintiff has presented undisputed evidence that it has purchased valves from defendant during a 7-year period from 2001 through 2008 for almost $250,000, and it has received marketing items at Christmas from A&L Valves. Because of the parties' past dealings over the years amounting to a substantial revenue for defendant which defendant obviously intended to encourage through its promotional items, and because defendant *knew* that its products were going to Louisiana, the undersigned finds that it defendant had minimum contacts with Louisiana and

could have anticipated being hailed into a Louisiana court to defend a suit brought by McKay through the sale of its products.[6]

### *Traditional notions of fair play*

In determining whether to exercise personal jurisdiction, the court must determine whether such jurisdiction comports with fair play and substantial justice by considering: 1) the burden on the defendant; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co., Ltd., 480 U.S. at 113. A defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." Burger King, 471 U.S. at 477. The assertion of jurisdiction will rarely be found to be unfair once minimum contacts are established. Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir.1999).

---

[6] McKay also includes the fact that A&L Valves advertises over the internet but does not argue this fact in its brief. A&L Valves argues that the web-site is purely informational and does not constitute a contact with Louisiana. Because the undersigned has concluded that the court has personal jurisdiction over the matter, it is unnecessary to consider the import of the web-site on its jurisdiction.

The court notes that in contract cases, the Fifth Circuit has consistently looked to the place of contractual performance to determine whether the making of a contract with a Texas resident is sufficiently purposeful to satisfy minimum contacts. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1068 (5th Circ. 1992). Here, the record shows that the valves were to be shipped to Louisiana for resale by McKay. The factors of prior negotiations and contemplated future consequences, along with the terms of a contract and the parties' actual course of dealing, must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. Dickson Marine Inc. v. Panalpina, Inc. 179 F.3d 331, 337 (5th Cir. 1999). Here, McKay and A&L Valves have had a lengthy course of dealing with each other over they years during which there were presumably negotiations. Considering these factors, the undersigned finds the same result that this court has personal jurisdiction.

Here, defendant never argues that this court's exercise of personal jurisdiction would be unfair or unreasonable. The undersigned thus concludes that there is no reason for the court to abstain from exercising jurisdiction.[7]

Having concluded that the court has specific personal jurisdiction over A&L Valves, it is **RECOMMENDED** that Western's Motion to Dismiss for Lack of Personal Jurisdiction be **DENIED**.

*Alternative Motion to Transfer Venue*

McKay originally filed its petition in the Fifteenth Judicial District Court for the State of Louisiana and A&L Valves removed the matter to this Court. Defendant now argues that venue is proper in the U.S. District Court for the Southern District of Texas because it resides in Houston and because a substantial part of the events giving rise to plaintiff's claim occurred in there. Defendant also argues that venue in this court because the valves were purchased and delivered to plaintiff in Houston.

The federal venue statute provides in pertinent part::

> **(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at

---

[7] The court notes that in contract cases, the Fifth Circuit has consistently looked to the place of contractual performance to determine whether the making of a contract with a Texas resident is sufficiently purposeful to satisfy minimum contacts. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1068 (5th Circ. 1992). Here, the record shows that the valves were to be shipped to Louisiana for resale by McCay. The factors of prior negotiations and contemplated future consequences, along with the terms of a contract and the parties' actual course of dealing, must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. Dickson Marine Inc. v. Panalpina, Inc. 179 F.3d 331, 337 (5th Cir. 1999). Here, McKay and A&L Valves have had a lengthy course of dealing with each other over they years during which there were presumably negotiations. Considering these factors, the undersigned finds the same result that this court has personal jurisdiction.

the time the action is commenced, if there is no district in which the action may otherwise be brought.

Title 28 U.S.C.A. § 1391.

Once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds. Hollis v. Florida State University, 259 F.3d 1295, 1299 (11th Cir. 2001) *citing* Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953) (holding that action removed pursuant to § 1441(a) could not be dismissed by district court on ground that venue under § 1391 would have been improper if action had originally been brought in federal court; venue under § 1391 has no application to a removed action). Because A&L Valve removed the matter from the Fifteenth Judicial District Court for the State of Louisiana, I find that section 1391 is inapplicable to this case recommend that A&L Valves motion to dismiss for improper venue be denied.[8]

---

[8] A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). The purpose of the statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) *quoting* Van Dusen 376 U.S. at 622.

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the venue proposed by the mover. Once the court determines that the action could have been filed in the destination venue, it must assess the "convenience" of maintaining the suit in the venue where it was actually filed. This determination turns on a number of private and public interest factors, none of which are given dispositive weight. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) *citing* Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir.2004), and Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir.1986). The private concerns include: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d at 203 *citing* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The plaintiff's choice of forum is also a factor to be considered, although it is neither controlling nor determinative. In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003). Public interest factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Id.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that A&L Valve's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction, or in the Alternative For Improper Venue and plaintiff's Motion for Leave to Conduct Limited Discovery on the Issue of Personal Jurisdiction be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 31, 2009.

Mildred E. Methvin
United States Magistrate Judge

---

A&L Valves does not rely on this statute and does provide any evidence to support any of the relevant factors in order to gain his choice of forum and the undersigned does not reach such an analysis.